UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| CORY P. ROY, *ET AL.* | CIVIL ACTION NO. 1:16-CV-01179 |
| VERSUS | CHIEF JUDGE DRELL |
| DIXIE R V SUPERSTORE OF ACADIANA, LLC, *ET AL.* | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

I. Background

Before the Court is a product liability suit filed pursuant to 28 U.S.C. § 1332 by Plaintiffs Cory P. Roy and Angie Roy, residents of Louisiana. The named Defendants are Dixie RV Superstore of Acadiana, LLC; Rev Recreation Group, Inc. ("Rev"); Airxcel, Inc. ("Airxcel"); and Dixie Motors, LLC (Docs. 1, 5). Plaintiffs seek rescission of the sale of an allegedly defective RV, as well as damages and costs.

This suit was originally filed in the Louisiana Twelfth Judicial District Court in Avoyelles Parish on June 24, 2016, and Rev was served on July 14, 2016 (Doc. 1). Rev removed the suit to this Court on August 15, 2016 (Doc. 1). Dixie and Airxcel consented to the removal (Docs. 2, 3). Plaintiffs filed an amended complaint on August 16, 2016 (Doc. 5).

Rev alleges there is diversity jurisdiction because Plaintiffs are residents of Louisiana; Rev is a Delaware corporation with its principal place of business in Indiana; and Airxcel is a Delaware corporation with its principal place of business in Kansas. Rev contends there is diversity jurisdiction because Dixie RV Superstores of

Acadiana, LLC, a Louisiana business, was not properly joined as a defendant. Rev alleges that Dixie RV Superstores of Acadiana, LLC did not sell an RV to Plaintiffs, and was not involved with Plaintiffs so as to subject it to this litigation.

Plaintiffs filed a motion to remand (Doc. 17). Defendants filed a brief in opposition (Doc. 21), and Plaintiffs replied (Doc. 24).[1]

## II. Law and Analysis

Federal courts have limited subject matter jurisdiction and cannot entertain cases unless authorized by the Constitution and legislation. See Coury v. Prot, 85 F.3d 244, 248 (5th Cir. 1996). There is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court. See Coury, 85 F.3d at 248. The party seeking to invoke the jurisdiction of the federal court has the burden of proving that jurisdiction exists. See Aetna Cas. & Surety Co. v. Hillman, 796 F.2d 770, 775 (5th Cir. 1986).

Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. See St. Paul Reinsurance Co. Ltd. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998). The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. See Gasch v. Hartford Acc. & Indem. Co., 491 F.3d 278, 281–82 (5th Cir. 2007). Remand is proper if at any time the Court lacks subject matter jurisdiction. See 28 U.S.C. § 1447(c).

---

[1] Only Rev and Airxcel answered the complaints (Docs. 34, 39).

Federal courts have subject matter jurisdiction and are authorized to entertain causes of action only where a question of federal law is involved, or where there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. See 28 U.S.C. §§ 1331, 1332; Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005). Where jurisdiction depends on citizenship, the parties' citizenship must be "distinctly and affirmatively alleged." See Getty Oil Corp., a Div. of Texaco, Inc. v. Insurance Co. of North America, 841 F.2d 1254, 1259 (5th Cir. 1988). Complete diversity "requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." See Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1079 (5th Cir.2008) (citing Harrison v. Prather, 404 F.2d 267, 272 (5th Cir. 1968)).

The citizenship of a limited liability company is determined by the citizenship of all of its members. See Harvey, 542 F.3d at 1080. Moreover, when a member of an LLC is itself an LLC or a partnership, its members and their citizenship must be identified and traced up the chain of ownership until one reaches only individuals and/or corporations. See White v. Aramark Education Services, LLC, 2016 WL 815297 (W.D. La. 2016) (citing Mullins v. TestAmerica, Inc., 564 F.3d 386, 397 (5th Cir. 2009)). If any one of the members is not diverse, the company is not diverse. See Smitherman v. Bayview Loan Servicing, LLC, __Fed.Appx.__, 2017 WL 113919, *1 (5th Cir. 2017).

When a non-diverse party is properly joined as a defendant, a federal court lacks subject matter jurisdiction over the case pursuant to 28 U.S.C. § 1332, and the

case may not be removed from state court. However, a defendant may remove the case by showing the non-diverse party was improperly joined. See Complete Oilfield Management & Maintenance, Inc. v. Hogg, 2015 WL 1467104 (W.D. La. 2015) (citing Tippen v. Republic Fire and Cas. Ins. Co., 2007 WL 4219352, *2 (E.D. La. 2007). The doctrine of improper joinder is a narrow exception to the complete diversity requirement. See Cuevas v. BAC Home Loans Servicing, LP, 648 F.3d 242, 249 (5th Cir. 2011). The removal statutes "entitle a defendant to remove to a federal forum unless an in-state defendant has been 'properly joined.'" See Smallwood v. Illinois Cent. R. Co., 385 F.3d 568, 573 (5th Cir. 2004), cert. den., 544 U.S. 922 (2005) (citing 28 U.S.C. § 1441(b). The focus of the inquiry must be on the joinder, not the merits of the plaintiff's case. See Id.

"To establish improper joinder, the removing party must demonstrate either: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" See Cuevas, 648 F.3d at 249 (quoting Smallwood v. Illinois Cent. R. Co., 385 F.3d 568, 573 (5th Cir. 2004), cert. den., 544 U.S. 992 (2005)). When, as here, the second method is at issue,

> [T]he test is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant. If there is no reasonable basis of recovery, then the court can conclude that the plaintiff's decision to join the in-state defendant was indeed improper, unless that showing compels the dismissal of all defendants.

4

See Cuevas, 648 F.3d at 249.[2] A mere theoretical possibility of recovery in state court will not preclude a finding of improper joinder. See African Methodist Episcopal Church v. Lucien, 756 F.3d 788, 793 (5th Cir. 2014).

A court may determine whether a plaintiff has a reasonable basis for recovery under state law in one of two ways: (1) the court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant; or (2) where a plaintiff has stated a claim but has misstated or omitted discrete facts that would determine the propriety of joinder, the district court may, in its discretion pierce the pleadings and conduct a summary inquiry.[3] See Smallwood, 385 F.3d at 573. The decision regarding the procedure necessary in a given case lies within the discretion of the district court. See id.

Defendants allege in the Notice of Removal (Doc. 1) that Plaintiffs named Dixie RV Superstores of Acadiana as a defendant in this lawsuit based on a contract of sale allegedly between Dixie RV Superstores of Acadiana and Plaintiffs for a 2012 American Revolution recreational vehicle, executed on November 8, 2012. Defendants further allege that Plaintiffs contend Dixie RV Superstores of Acadiana

---

[2] Defendants do not allege there is actual fraud in the pleadings. Rather, Defendants argue that Plaintiffs cannot recover against the non-diverse Defendant as a matter of law.

[3] A summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant. In this inquiry, the motive or purpose of the joinder of in-state defendants is not relevant. Any piercing of the pleadings should not entail substantial hearings. Discovery by the parties should not be allowed unless it is sharply tailored to the question at hand, and only after a showing of its necessity. The inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden. See Smallwood, 385 F.3d at 573-74.

is liable to them for damages related to defects in the RV, but have not set forth facts to establish that Dixie RV Superstores of Acadiana executed a contract of sale with the Plaintiffs for the 2012 American Revolution. Defendants contend that Dixie RV Superstores of Acadiana did not sell the RV in question to the Plaintiffs on November 8, 2012, as shown by the Purchase Agreement (Doc. 1, Ex. E).

In their opposition to the Motion to Remand (Doc. 21), Defendants contend the members/owners of Dixie RV Superstores of Acadiana, LLC, are Gregory Lala, Brandi Lala Picone, and Stephen L. Guidry, Jr., all Louisiana residents. Defendants further contend that Dixie RV Superstores of Acadiana, LLC operates the Dixie RV store in Breaux Bridge, Louisiana, but not the store in Hammond.

Defendants show that Plaintiffs purchased their RV from the Dixie RV Superstores (in Hammond, Louisiana), not from Dixie RV Superstores of Acadiana in Breaux Bridge (Docs. 1-5, 21-1). Defendants allege that Dixie Motors, LLC is the entity that operates the Hammond store, which sold and serviced Plaintiffs' RV (Doc. 21, p. 6). Defendants allege the sole member of Dixie Motors, LLC is Gregory Lala, a citizen of Louisiana.[4] Therefore, according to Defendants, Dixie Motors, LLC is the proper Defendant, not Dixie RV Superstores of Acadiana.

---

[4] The Court notes that an October 22, 2014 article in the RV Industry News, entitled "Dixie RV Breaks Ground for New Location," states that "Dixie RV SuperStores is expanding to its third location in Breaux Bridge, La. Dixie RV held a groundbreaking ceremony for its new RV dealership location Oct. 20." The article quotes Greg Lala as saying: "We are excited about the opportunity to expand Dixie RV to Breaux Bridge. We have been proud to serve the Acadiana parishes from Hammond for the past two and a half decades and now we are proud to call Acadiana home." The connection between all of the stores is apparent from this article.

In their Motion to Remand (Doc. 17), Plaintiffs point out that they added Dixie Motors, LLC, another Louisiana company, as a defendant in their amended complaint, which was filed on August 16, 2016 (Doc. 5).

Jurisdiction for removal is established at the time of removal, not subsequently. Although the notice of removal did not affirmatively allege the

---

Defendants admit in their brief (Doc. 17, p. 9, n.3) that Dixie RV Superstores is a trade name, doing business as all of the Dixie dealerships located in Hammond, Breaux Bridge, and Defuniak Springs, Florida. The Dixie RV Superstores is a registered trade name of Dixie Motors, LLC (see below).

Moreover, the Court takes judicial notice that the Louisiana Secretary of State shows on its business listing website:

| | |
|---|---|
| Dixie Motors, Inc | –Registered in 1964; Became inactive due to merger with Dixie Motors, LLC in 2004 (Officers Dan R. Durham III and Nelie Durham). |
| Dixie RV Superstores, LLC | –Registered in 1997 (officer Dan R. Durham III). |
| Dixie RV Superstores of Hammond, LLC | –Registered in 1998 (Officer Durham Development Corp.). Consolidated with Dixie RV Superstores, LLC and Dixie RV Superstores of Lafayette, LLC in January 2000. |
| Dixie RV Superstores of Lafayette, LLC | –Registered in 1998 (no officers listed). Consolidated with Dixie RV Superstores, LLC and Dixie RV Superstores of Hammond, LLC in January 2000. |
| Dixie Motors of Kentwood, Inc. | –Registered in 1999 (officers Dan R. Durham III and Gregory A. Lala); merged with Durham-Lala Corp. in January 2000 to become Dixie Motors, Inc.. |
| Dixie RV Superstores, LLC | –January 2000-consolidated with the Dixie RV Superstore of Hammond, LLC, Dixie RV Superstore of Lafayette, LLC, and Dixie Car Care, LLC. |
| Dixie Motors, LLC | –Registered December 30, 2004 (officer Gregory A. Lala); Registered the trade name Dixie RV Superstores on December 30, 2004. |
| Dixie RV Superstores of NW Florida, LLC | –Registered on December 13, 2010 (officer Gregory A. Lala). |
| Dixie RV Superstores of Acadiana, LLC | –Registered on October 13, 2013 (Officers Gregory A. Lala, Brandi N. Lala, Stephen L. Guidry, Jr.). |
| Dixie RV Superstores of Calera, LLC | –Registered August 8, 2016 (officers Gregory A. Lala, Stephen Guidry). |

citizenship of Dixie RV Superstores of Acadiana, LLC and Dixie Motors, LLC, Defendants alleged their citizenship in their brief opposing the Motion to Remand (Doc. 21).

Plaintiffs initially named the wrong limited liability company, Dixie RV Superstores of Acadiana, LLC, as the RV seller-defendant. Therefore, at the time of removal on August 15, 2016, Plaintiffs did not have a viable claim against Dixie RV Superstores of Acadiana, LLC. However, on August 16, 2016, Plaintiffs amended their complaint to add Dixie Motors, LLC (which operates the Hammond store), as a defendant.

In <u>Hensgens v. Deere & Co.</u>, 833 F.2d 1179, 1182 (5th Cir. 1987), the Fifth Circuit stated that the district court, when faced with an amended pleading naming a new non-diverse defendant in a removed case, should scrutinize that amendment more closely than an ordinary amendment, and apply four factors: (1) the extent to which the purpose of the amendment is to defeat diversity; (2) whether the plaintiff has been diligent in requesting an amendment; (3) whether the plaintiff will be prejudiced if the amendment is denied; and (4) any other factors bearing on the equities.

Further, Plaintiffs may timely correct a defendant or its company name pursuant to Fed.R.Civ.P. 15(c)[5] and the amendment will relate back to the original

---

[5] Fed.R.Civ.P. 15, Amended and Supplemental Pleadings:
    (c) Relation Back of Amendments.
        (1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:
            (A) the law that provides the applicable statute of limitations allows relation back;

pleading. Plaintiffs amended their complaint less than two months after filing their original complaint in state court and one day after removal. Plaintiffs were clearly diligent in amending their complaint. Dixie RV Superstores of Acadiana, LLC and Dixie Motors, LLC both have the same primary member/officer, Gregory A. Lala. As set forth in footnote 3, the two companies are so intertwined that Dixie Motors, LLC cannot claim surprise or prejudice at being named a defendant in the amended, corrective pleading. As evidenced by their argument on removal, Dixie Motors, LLC was aware that Plaintiffs had named Dixie RV Superstores of Acadiana, LLC as a defendant in error. It is equally clear that Plaintiff's plain intent in amending their complaint is to name the correct RV-seller, and not solely to defeat federal jurisdiction. Plaintiffs would be prejudiced if they were not permitted to amend their complaint to name the correct company as a defendant.

Plaintiffs were diligent and timely amended their complaint to name the correct Defendant. There was no surprise or prejudice to Defendants arising from the amendment. Therefore, Plaintiffs' amended complaint relates back to their original complaint pursuant to Fed.R.Civ.P. 15(c)(1)(C).

---

(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
  (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
  (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

9

Since Plaintiffs' amended complaint relates back to the original complaint, the addition of Dixie Motors, LLC defeats diversity at the time of removal. This Court does not have subject matter jurisdiction over this case. See Cobb v. Delta Exports, Inc., 186 F.3d 675, 677 (5th Cir. 1999) (post-removal joinder of non-diverse defendants pursuant to Fed.R.Civ.P. 19 destroys diversity for jurisdictional purposes and requires remand).

Defendants further argue that Plaintiffs did not properly serve Dixie Motors, LLC because they attempted to effect service by certified mail. However, there is a waiver of service for Dixie Motors, LLC in the record (Doc. 32).

Since this Court does not have diversity jurisdiction, Plaintiffs' motion to remand should be granted.[6]

### III. Conclusion

Based on the foregoing, IT IS RECOMMENDED that Plaintiffs' Motion to Remand (Doc. 17) be GRANTED and the case be remanded to the Louisiana Twelfth Judicial District Court in Avoyelles Parish.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as

---

[6] Since this Court does not have subject matter jurisdiction, the issue of whether Plaintiffs' redhibition action is prescribed will not be considered.

supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers at Alexandria, Louisiana on this 24th day of March, 2017.

Joseph H.L. Perez-Montes
United States Magistrate Judge